IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JEFFREY BOETTCHER, *Petitioner*,

*v.*

BETTY BOETTCHER, *Respondent*.

No. 1 CA-SA 26-0121

FILED 08-14-2026

Petition for Special Action from the Superior Court in Maricopa County
No. FC2022-050153
The Honorable Paula A. Williams, Judge

**SPECIAL ACTION JURISDICTION ACCEPTED; RELIEF GRANTED
IN PART AND DENIED IN PART**

COUNSEL

Babione Law Firm, PLLC, Scottsdale
By Laura V. Babione
*Counsel for Petitioner*

Stanley David Murray, Scottsdale
*Counsel for Respondent*

**OPINION**

Judge Jennifer M. Perkins delivered the opinion of the Court, in which
Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

**P E R K I N S**, Judge:

¶1        Under Arizona law, the superior court may impose sanctions for contempt when a party violates a court order. We confront here whether violation of an enforceable parenting plan incorporated by reference into the consent decree signed by the court can support a contempt finding. It can. But a court may not use the vehicle of contempt sanctions to modify parenting time and legal decision-making authority without meeting the statutory requirements for such modifications.

¶2        Jeffrey Boettcher ("Father") seeks special action review of a contempt order granting Betty Boettcher ("Mother") sole legal decision-making authority, reducing Father's parenting time to three supervised hours per week, and ordering him to undergo a psychological evaluation and attend a parenting class. We hold that the superior court did not abuse its discretion by holding Father in contempt but did abuse its discretion by modifying the parties' legal decision-making authority and Father's parenting time. We therefore accept special action jurisdiction, grant relief in part, and deny relief in part.

## FACTS AND PROCEDURAL BACKGROUND

¶3        Mother and Father are divorced and have three minor children. They have a contentious co-parenting relationship, which the superior court found is "largely due to Father's temper, unreasonableness, and inability to let any slight, perceived or real, go."

¶4        In December 2022, Mother and Father entered into a consent decree of dissolution of marriage and filed a parenting plan and a settlement agreement. The decree provided for joint legal decision-making authority over the children "as set forth in the parties' Joint Legal Decision-Making Parenting Plan attached hereto and incorporated herein as Exhibit A." The parenting plan provided that "the parents stipulate and agree that this Parenting Plan shall be binding upon each parent and submitted to the court for its approval, and shall become a court order," and provided for joint legal decision-making authority and roughly equal parenting time. The plan also included general terms of conduct that prohibited both parents from interrogating the children, arguing in front of them, making negative or disparaging comments about the other parent, or interfering with each other's parenting relationships in any other way.

¶5        In March 2024, Mother moved to modify the terms of the parenting plan, claiming Father had violated them repeatedly, including by

verbally abusing the oldest child at a sports practice. In September 2025, the court held an evidentiary hearing and reaffirmed the joint legal decision-making authority, although it granted Mother final say should the parties fail to reach an agreement in good faith. By that time, Mother had already obtained a no-contact order of protection against Father.

¶6            In November 2025, Mother petitioned to enforce the parenting plan and hold Father in contempt for his abusive behavior after Father aggressively disparaged Mother on a call with their oldest daughter, making the daughter cry. Mother provided the court with a recording of the call. Mother asked the court to order a behavioral health evaluation, supervised parenting time, and parental education classes.

¶7            In March 2026, after an evidentiary hearing, the court found Father in contempt for knowingly and willfully violating the specific restrictions imposed by the consent decree and parenting plan. The court found that the evidence called into question Father's mental health and ordered him to submit to a forensic psychological evaluation and complete a parenting class. The court also awarded Mother sole legal decision-making authority and reduced Father's parenting time to three supervised hours per week.

¶8            Father moved to dismiss the civil contempt finding, arguing there was no valid court order to support the finding. The court denied Father's motion, noting an agreement incorporated by reference in a decree is enforceable via contempt under Arizona Revised Statutes Section 25-317 and *LaPrade v. LaPrade*, 189 Ariz. 243 (1997). The 2022 consent decree incorporated the parenting plan by reference, and the court reviewed and approved both, entering them separately into the record.

¶9            Father then petitioned this Court for special action relief from the contempt order. Findings of contempt and resulting civil sanctions are not appealable, *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001), so Father does not have an "equally plain, speedy, and adequate" remedy by appeal, RPSA 12(a). We therefore accepted jurisdiction and granted relief in part in an earlier order, promising a decision to follow. This is that decision.

## DISCUSSION

¶10           Father contends the superior court both lacked jurisdiction to hold him in contempt and abused its discretion by finding him in contempt. He also contends the court imposed improper sanctions.

### A. The Contempt Finding

**¶11**     We review civil contempt findings and any resulting sanctions for an abuse of discretion. *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 9 (App. 2010). We do not reweigh the evidence on appeal and accept the superior court's factual findings unless clearly erroneous. *Id.* at 154–55, ¶ 9.

**¶12**     The superior court may use civil contempt sanctions to compel compliance with a court order. Ariz. R. Fam. Law P. 92(a)(1). The process begins with a petition, such as the one Mother filed, followed by an evidentiary hearing, like the one held here. Ariz. R. Fam. Law P. 92(b)–(d). The petitioner must establish that (1) the court entered a prior order, (2) of which the alleged violator had notice, and (3) with which he failed to comply. Ariz. R. Fam. Law P. 92(d)(2). If the court finds the violator in contempt and orders any sanction, it must set conditions allowing the violator to remove or "purge" the contempt. Ariz. R. Fam. Law P. 92(f)(1). The violator must have the present ability to comply with the conditions. Ariz. R. Fam. Law P. 92(f)(2).

**¶13**     Father argues the court never ordered him to comply with the parenting plan and, absent a valid court order, he cannot be held in contempt. He argues that the plan was not merged into the decree or approved by the court but concedes that the plan was incorporated into the decree.

**¶14**     At the time of filing, a consent decree involving children must include a parenting plan covering legal decision-making authority and parenting time. Ariz. R. Fam. Law P. 45(c)(1). When the parties incorporate a parenting plan into the decree by reference, the plan retains its independent contractual status and thus can be modified by the parties. *LaPrade*, 189 Ariz. at 247, 249. Whereas, if the plan merges into the decree, only the decree controls, and, with limited exceptions, only the court can modify it. *Id.* at 247. But the "[t]erms of the agreement set forth or incorporated by reference in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt." A.R.S. § 25-317(E). In other words, the superior court retains its power to enforce the provisions of a parenting plan regardless of whether they are merged into the decree. *See Ball v. Ball*, 250 Ariz. 273, 276, ¶ 7 n.2 (App. 2020). Father thus cannot avoid enforcement through the court's contempt authority of the terms of the parenting plan to which he agreed, and which was explicitly incorporated into the consent decree signed by the court.

¶15        We pause to note that, both in the superior court and here, Father included the following purported quote: "The court cannot hold a party in contempt for violating a parenting plan that was never ordered. Without a valid court order, contempt is legally impossible." He cited two cases for the quote, neither of which contains that language. And we could not find it in any Arizona case. We strike the apparently false quotation. *Matter of Est. of Acciavatti*, 1 CA-CV 25-0606 PB, 2026 WL 2041963, at *2, ¶ 9 (App. July 15, 2026). But because we identified no additional citation concerns, and opposing counsel raised none (including this one), we decline to impose sanctions. *Id.* at *4, ¶ 18 ("citing a hallucinated case in a legal filing is sanctionable conduct.").

¶16        Father had notice of the terms of the parenting plan and that it had been incorporated into the consent decree signed by the court. His conduct violated specific terms in the parenting plan. And our legislature authorized the superior court to enforce such a plan through its contempt authority. A.R.S. § 25-317(E).

¶17        The court did not err in finding Father in contempt.

## B.  The Sanctions

¶18        Father next claims the sanctions were improper permanent restrictions irrelevant to his conduct at issue and the court should have included a purge condition that would allow him to avoid the restrictions. The court sanctioned Father by reducing his parenting time, awarding Mother sole legal decision-making authority, and ordering Father to undergo a psychological evaluation and attend a parenting class.

¶19        Father already consented to the psychological evaluation and the parenting class. Thus, he has waived any challenge to those sanctions, and we can offer no relief. But Father is correct in challenging the court's parenting time and legal decision-making authority sanctions.

¶20        Several family law provisions set the stage for our consideration of these sanctions. Under Section 25-414, if a court finds a party violated a visitation or parenting time order, it may hold the party in contempt, order visitation or parenting time to make up missed sessions, order parent education, or any other remedy that promotes the child's best interests. A.R.S. § 25-414(A)(1)–(3), (7). Section 25-411(J) allows the court, on its own motion, to modify parenting time "whenever modification would serve the best interest of the child" although restricting parenting time requires the court to find "that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." Section

25-411(M) prohibits a court from modifying legal decision-making authority unless a party files a modification petition, and the court holds a modification hearing. And whenever the court modifies parenting time or legal decision-making authority, it must consider and make specific findings on all relevant factors listed in Section 25-403(A) and explain why the modification is in the child's best interests. A.R.S. § 25-403(A)–(B). The court abuses its discretion if it fails to make required findings. *Owen v. Blackhawk*, 206 Ariz. 418, 421–22, ¶ 12 (App. 2003).

**¶21**      Finally, a civil contempt sanction must fit the circumstances of the contempt. *Stoddard*, 224 Ariz. at 157, ¶ 24. The court may consider the parent's contemptuous conduct in deciding if a modification is in the child's best interests but cannot use a modification to punish the parent for the contempt. *Stapley v. Stapley*, 15 Ariz. App. 64, 70–71 (1971) ("[P]unishment of a parent for contempt is not to be visited on the children and custody is not to be used as a reward or punishment of parental conduct."). And the court must include a purge condition allowing the violator an opportunity to avoid the sanctions. Ariz. R. Fam. Law P. 92(f).

**¶22**      The court's parenting time and legal decision-making authority sanctions here are inconsistent with these requirements. Section 25-414 did not authorize the modifications because Father did not violate a parenting time or visitation order. There was no pending modification petition, and the evidentiary hearing was not a modification hearing, as required by Section 25-411(M). That is important because it means the court did not take testimony on or make the best-interests findings necessary under Section 25-403 for a modification. Nor did it make the findings required in Section 25-411(J), which would otherwise allow the court, on its own motion, to restrict parenting time. *See Cruz v. Garcia*, 240 Ariz. 233, 238, ¶ 18 (App. 2016).

**¶23**      The court also failed to include a purge condition. *See* Ariz. R. Fam. Law P. 92(f). Father could do nothing to prevent the parenting time and legal decision-making authority modifications from taking effect.

**¶24**      The court erred by imposing these improper sanctions.

**CONCLUSION**

**¶25** We accept special action jurisdiction and grant relief in part by vacating the modifications to legal decision-making authority and parenting time. We otherwise deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR